Judge Robertson
delivered the opinion of the Court.
The only question in this case, is, whether an heir can be sued on a covenant of his ancestor, on which he is expressly bound, instantly on the ancestors death; or whether he is entitled like an administrator or executor, to six months.
The act 1811, I. Dig. 535, provides, that executors and administrators shall not be responsible, by. omitting to plead or mispleading, for more than the assets; and exempts them from suit for any liability of the testator or intestate, before the expiration of six months from the date of their qualification;
The 4th section of the act contains this provision, “the heir or heirs of a deceased person, shall be entitled to receive the benefit of all and every of the provisions aforesaid, relating to executors and administrators, as far as the same are applicable.‘,‘>
Neither the letter, nor spirit of the act, allows to heirs who may be sued alone, six months from the death of the ancestor, or from the qualification of ihis personal representative. The letter certainly does not apply to them; and it would be very difficult to shew that they come within the reason of the indulgence. But if the heir be not expressly bound by the covenant of his ancestor,' he can be sued only with the personal representative. At common law, he was not liable at all; and the act of 1792, authorizing suits against him, requires a joint suit against him and the personal representative. See I. Dig. 652; also, III. Bibb. 23; IV. Ib. 229.
Hnie9s the heir be expressly bound and may be sued alone he is exempt .('rom suit .12 months, by the act of 1819: I. Dig. 652.
If the heir may be sued alone, he is liable to suit, instantly on the death of his ancestor, the act of l&ll, giving six months to adm’r. and ex’r does not apply to heirs
Triplett, Mills and Brown-, for plaintiff; Hoggin,fyc* for defendant.
The act of 1819, I. Dig. 652, authorises a separate suit against heirs, who were not liable at common law, if no personal representative be appointed for the space of one year, after the death of the ancestor.
If the heir be sued with the executors or administrator, he will be protected by the act, prohibiting suits for six months. He cannot be sued alone, if there be administration in a year, and of course, judgment cannot be rendered against him, in a joint suit against, him and the administrator, unless the administrator be liable to suit.
But when he may be sued alone, the law gives him no time. So much of theaetof 1811, as exempts an executoror administrator from liability, lide bonis pro-priis,” applies to heirs; and this is all of the act which does apply. The provision which grants six months indulgence, is not applicable. It is evident, that the legislature did not intend that all the provisions of the act should apply to heirs, or they would have employed language different from that which is quoted. They would have declared that, the provisions of the act, should apply to heirs, and not that heirs should be entitled to such provisions only, as were applicable.
If then, as must be undeniable, the whole act is not applicable to heirs, what provision is not applicable? It must be that which gives to the personal representative, six months after qualifiction, to adjust the assets and pay the debts; and such seems t^o have been the opinion of our predecessors in the case of Carneal’s heirs vs. Day; II. Litt. 398.
This was a suit against an heir, on the covenant of his ancestor, in which he was expressly bound. He plea.d in abatement that the ancestor had not been dead six months. The plaintiff demurred to the plea, but the court overruled the demurrer. In this, the court erred.
Wherefore, the judgment is reversed, and the cause remanded, with instructions to sustain the demurrer.